**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6157**

UNITED STATES OF AMERICA,

     Petitioner - Appellee,

  v.

JESSE ALMENDAREZ,

     Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:16-hc-02175-BR)

Submitted:  October 23, 2017        Decided:  October 31, 2017

Before KING, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Acting Federal Public Defender, Eric Joseph Brignac, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  John Stuart Bruce, United States Attorney, G. Norman Acker, III, Assistant United States Attorney, Genna D. Petre, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Almendarez appeals the district court's judgment ordering Almendarez to be committed to the care and custody of the Attorney General under 18 U.S.C. § 4246 (2012). We affirm.

A person may be committed to the custody of the Attorney General for

> medical, psychiatric, or psychological care or treatment . . . [i]f, after [a] hearing, the [district] court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

18 U.S.C. § 4246(d). The district court's finding that such dangerousness exists is a factual determination the appellate court will not overturn unless it is clearly erroneous. *United States v. LeClair*, 338 F.3d 882, 885 (8th Cir. 2003); *United States v. Cox*, 964 F.2d 1431, 1433 (4th Cir. 1992). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Hall*, 664 F.3d 456, 462 (4th Cir. 2012) (internal quotation marks omitted). "This standard plainly does not entitle a reviewing court to reverse the . . . [district court] simply because it is convinced that it would have decided the case differently." *Id*. (internal quotation marks omitted). Rather, "[i]f the district court's account of the evidence is plausible in light of the record viewed in its entirety," we may not reverse even if we "would have weighed the evidence differently." *Id*. (internal quotation marks omitted).

We have reviewed the record and conclude that the district court's finding that the Government showed by clear and convincing evidence that Almendarez was "suffering

from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another" is not clearly erroneous. *See* 18 U.S.C. § 4246(d). Among the factors supporting the court's finding are Almendarez's history of psychosis, mania, and psychiatric hospitalizations, several of which were prompted by altercations with his family, his rejection of his diagnosis and the recommended treatment, his possession of weapons "for protection," including a shank and a martial arts shuriken/ninja star, his inquiry into how to obtain a firearm, his paranoia, and his threats, as well as the lack of family or social support if he is released.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*